## Walker's Estate

Before Henderson, Van Dusen, Stearne, Sinkler, and Klein, JJ.

*John S. McConaghy,* of *Rambo, Rambo & Knox,* for exceptant.

*John F. E. Hippel,* of *Edmonds, Obermayer & Rebmann,* contra.

Van Dusen, J., December 6, 1935.—On the audit of the first account of the trustees under the will of Jacob

Hornung, it was held that the income to which Rosa Walker was entitled should go after death to her estate pur autre vie until the end of the trust. This future income was her property just as much as a house or money in bank. It might go under her will or to pay her creditors or to her next of kin. It forms part of her estate, and though the account does not enumerate the estate pur autre vie as one of the items it does include income received therefrom. She died intestate as to her residuary estate, of which these items form part. The auditing judge therefore awarded the fund to her next of kin, one of whom was her husband, George W. Walker, and as he was dead the award was made to his administratrix. Whether the estate of George W. Walker will go to pay his debts or will go to his next of kin we do not know, because the account of his administratrix has not been audited. His next of kin are his second wife and her child. The possibility that it may go to these persons startles the exceptant. Once, however, the conception of an estate pur autre vie is grasped, it follows that the right to the income thereof may pass through several inheritances, as it seems likely to do here.

The exceptions are dismissed, and the adjudication is confirmed absolutely.